UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC CHAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-cv-2825 (TSC) |
| | ) | |
| EOUSA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant in this FOIA case has supplemented the record with respect to the search and a withheld document and renewed its motion for summary judgment. *See* Mem. Op. and Order ("Mem. Op. 1"), ECF No 37 (granting partial summary judgment). In addition, Plaintiff has moved under Federal Rule of Civil Procedure 54(b) for reconsideration of the foregoing order, ECF No. 38. For the following reasons, Defendant's motion will be GRANTED, and Plaintiff's motion will be DENIED.[1]

**A. Improper Withholding**

In its June 30, 2021 Memorandum Opinion, this court found that Defendant had not properly justified withholding one page of "YouTube video notes" under FOIA

---

[1] Under Rule 54(b), the court may revise an order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Because the court will enter final judgment in Defendant's favor, Plaintiff's motion for interim relief is moot.

1

Exemption 5 as deliberative process material. Mem. Op. 1 at 13. Defendants have now disclosed an unredacted version of the page to Plaintiff, along with "a responsive video file." Opp'n at 3, ECF No. 42; *see* Supp'l Decl. of Theodore B. Smith ¶ 2, ECF No. 39-4 (releasing full page in "the interests of justice"). Therefore, the issue surrounding the withholding of information is moot. *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 367 (D.C. Cir. 2021).

### B. Adequacy of the Search

Defendant has now produced sufficient evidence to allow the court to assess its search for responsive records. *See* Mem. Op. 1 at 5-7 (discussing evidentiary shortcomings). Because Plaintiff sought records pertaining to his criminal prosecution in Columbus, Ohio, the search was appropriately conducted by the U.S. Attorney's Office in the Southern District of Ohio. Mem. Op. 1 at 5; *see* 28 U.S.C. § 115 (creating Ohio judicial districts).

Defendant's declarant, Assistant U.S. Attorney and FOIA Coordinator Leah M. Wolfe, attests that she personally "searched for responsive records" and "also coordinated the search efforts" of a paralegal, with whom she worked "very closely . . . at every step." Wolfe Decl. ¶ 3, ECF No. 39-3. The first step involved "a name search of Eric Chavis in the EOUSA's case management system known as CaseView" to capture "any potentially responsive records listed under a different case number," which also confirmed the accuracy of the case information in the request. *Id*. ¶ 4. Concurrent searches of other filing systems located electronic files and paper files of Plaintiff's criminal case, forfeiture case, and appeals. *See id*. ¶¶ 5-6, 8. In addition, an inquiry to the assistant U.S. attorney who prosecuted Plaintiff yielded "a banker's box filled with

all of her trial preparation materials" and "a copy of her electronic discovery file," *id.* ¶ 7, which were contained in the individually labeled "redwells," or Redweld Folders that this court addressed earlier. *See* Mem. Op. 1 at 12, 17 and *Vaughn* Index. Wolfe attests that the search "extended to every location and USAO system of records where it was reasonably likely that responsive records would be found," Decl. ¶ 8, and that "every page of records located in the systems of records" was reviewed "in order to identify all records responsive" to the request. *Id.* ¶ 9.

Plaintiff counters that summary judgment is inappropriate because Defendant (1) "recovered only four out of 60 detective reports," Opp'n at 7, and (2) failed to search by the names of "co-defendants and co-conspirators indicted on the same case," *id.* at 9. Neither argument raises substantial doubt about the reasonableness of the search.

**1. Missing Documents**

Plaintiff cites "two discovery letters written by" the prosecuting attorney as evidence that "the discovery file would likely have at least the 60 detective investigative summary reports that he is seeking." Opp'n at 12 (citing Ex. C). It bears repeating that constitutionally compelled disclosures to defense counsel during a criminal prosecution are "irrelevant to the FOIA analysis," Mem. Op. 1 at 12, n.4 (citing *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009)), as generally are the identity and motive of the FOIA requester, *Chiquita Brands Int'l Inc. v. SEC*, 805 F.3d 289, 294 (D.C. Cir. 2015) (quoting *Stonehill*, 558 F.3d at 538); *see Stonehill, supra* (distinguishing "the FOIA disclosure regime" mandating disclosure to the public at large from discovery disclosures to parties during non-FOIA litigation); *Chiquita Brands Int'l Inc.*, 805 F.3d at 300 (concluding that "[b]ecause Chiquita's objection . . .

derives from the distinct characteristics of discovery, which are not relevant to the purpose or text of FOIA, it cannot succeed").

Nevertheless, the relevant question is "whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see accord Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search"). Once an agency demonstrates an adequate search through non-conclusory declarations, it is entitled to summary judgment in the absence of "countervailing evidence" produced by the plaintiff. *Iturralde*, 315 F.3d at 314 (internal quotation marks and citation omitted). Plaintiff's speculation about missing reports from the FOIA-reviewed discovery file, *see* Fourth Decl. of Theodore B. Smith ¶¶ 2-8, ECF No. 43-2; Mem. Op. 1 at 12-13, is not evidence. Conversely, Defendant's "relatively detailed" declaration about the search is "accorded a presumption of good faith" that "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc.,* 926 F.2d at 1200 (internal quotation marks and citation omitted).

### 2. Search Terms Employed

Plaintiff posits that the CaseView query utilizing his name only was inadequate because he "provided the names of the co-defendants in his FOIA request." Opp'n at 9-10. While that is true of the original request, *see* ECF No. 39-3 at 9 ¶ 5, the third-party names do not appear in the modified request, which Plaintiff acknowledged was intended "to obtain a quicker response and/or reduce fees," *id*. at 13. Agencies have

4

"discretion in crafting . . . search terms that they believe[ ] to be reasonably tailored to uncover documents responsive to the FOIA request," *Physicians for Hum. Rts. v. U.S. Dep't of Def.*, 675 F. Supp. 2d 149, 164 (D.D.C. 2009), and where "the search terms are reasonably calculated to lead to responsive documents, a court should neither micromanage nor second guess the agency's search," *Bigwood v. United States Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015) (internal quotation marks and citation omitted)). In crafting the search terms, Defendant reasonably relied on Plaintiff's modified request, which throughout sought criminal case records "pertaining to Eric Chavis." Reply at 4, ECF No. 43.

## CONCLUSION

For the foregoing reasons, Defendant's renewed motion for summary judgment will be GRANTED, and Plaintiff's motion for reconsideration will be DENIED. A corresponding order will issue separately.

Date: November 19, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge